# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEUROGRAFIX; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC.; IMAGE-BASED SURGICENTER CORPORATION; and AARON G. FILLER,<br><br>            Plaintiffs,<br><br>vs.<br><br>YORK HOSPITAL; and WELLSPAN MEDICAL GROUP,<br><br>            Defendants. | Civil Action No. |

## COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiffs NeuroGrafix, Neurography Institute Medical Associates, Inc. ("NIMA"), and Image-Based Surgicenter Corporation ("IBSC"), and Aaron G. Filler ("Dr. Filler") (collectively, "Plaintiffs") allege as follows:

## PARTIES

1.    Plaintiff NeuroGrafix is a California corporation, founded in 1998, with its principal place of business located in Los Angeles County at 2716 Ocean Park Boulevard, Suite 3075, Santa Monica, California 90405.

2.    Plaintiff NIMA is a California corporation, founded in 1998, with its principal place of business in Los Angeles County at 2716 Ocean Park Boulevard, Suite 3075, Santa Monica, California 90405.

3. Plaintiff IBSC is a California corporation, founded in 2005, with its principal place of business in Los Angeles County at 2716 Ocean Park Boulevard, Suite 1007, Santa Monica, California 90405.

4. Plaintiff Dr. Filler, with his principal place of business in Los Angeles County at 2716 Ocean Park Boulevard, Suite 3082, Santa Monica, California 90405, is a citizen of California and an inventor and owner of United States Patent No. 5,560,360.

5. On information and belief, Defendant York Hospital is a Pennsylvania corporation with a principal place of business located at 1001 S. George Street, York, Pennsylvania 17405.

6. On information and belief, Defendant Wellspan Medical Group is a Pennsylvania corporation with a principal place of business at 1001 S. George Street, York, Pennsylvania 17405.

**JURISDICTION AND VENUE**

7. This case is an action for patent infringement of United States Patent No. 5,560,360 (the "'360 Patent") under the Patent Laws of the United States, as set forth in 35 U.S.C. §§271 and 280 through 285.

8. This Court has federal subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1332(a)(1), 1332(c)(1) and 1338(a).

9.      Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a), 1391(c), and 1400(b), including without limitation because Defendants are advertising, marketing, using, selling, and/or offering to sell products in this Judicial District.

## BACKGROUND

10.     The invention at issue in this action is a major transformative advance in medical science. It provides for modifications in the systems and methods of magnetic resonance imaging ("MRI") that have made it possible to see the nerves of the body and the internal tracts of the brain. These technologies are now commonly called Magnetic Resonance Neurography ("MRN") and "Diffusion Tensor Imaging" ("DTI"). Presently, MRN and DTI—as disclosed in the '360 Patent—are used throughout the world and have played a critical role in saving many lives and relieving many patients of their pain and disability.

11.     The first inventor and current owner of the patent—Dr. Aaron G. Filler—actively practices this patent through plaintiffs NeuroGrafix, NIMA and IBSC and has done so together with one or more of these co-plaintiff entities continuously since 1998. Licenses under the patent have been granted to Siemens Aktiengesellschaft, Koninklijke Philips N.V., General Electric Company, and Medtronic Inc.

12. Until December 17, 2013, the University of Washington, a public institution of higher education in the state of Washington, was the owner by assignment of the '360 Patent entitled "Image Neurography and Diffusion Anisotropy Imaging." The '360 Patent issued on October 1, 1996. A true and correct copy of the '360 Patent is attached as Exhibit A.

13. Washington Research Foundation ("WRF"), a not-for-profit corporation incorporated and existing under the laws of the State of Washington, had substantially all rights in the '360 Patent since March 23, 1994. On December 17, 2013, the University of Washington assigned the '360 Patent to WRF.

14. On December 27, 2013, WRF assigned the '360 Patent to NeuroGrafix. NeuroGrafix then assigned the '360 Patent to Dr. Filler. Dr. Filler and NeuroGrafix then entered into a Non-Terminable Exclusive License Agreement in which Dr. Filler granted an exclusive license in the '360 Patent to NeuroGrafix.

15. Prior to the assignment, on June 15, 2012, WRF and NeuroGrafix entered into an Amended and Restated Non-Terminable Exclusive License Agreement in which WRF granted NeuroGrafix an exclusive license to substantially all rights in the '360 Patent and retained no reversionary rights to the '360 Patent.

16. On September 14, 2011, NeuroGrafix and NIMA entered into an amended license agreement in which NIMA received the exclusive right to practice the '360 Patent in all fields of use, but granted back to NeuroGrafix an exclusive license to practice the '360 Patent in the field of use of non-human, non-surgical medicine. On September 14, 2011, NIMA and IBSC entered into an exclusive license agreement in which NIMA granted to IBSC an exclusive license to practice the '360 Patent in the field of human, surgical medicine. These agreements remained in effect after the December 27, 2013 assignment and license agreements.

17. Accordingly, as of the date of filing of this action, NeuroGrafix has an exclusive license to the '360 Patent in the field of use of non-human, non-surgical medicine, IBSC has an exclusive license in the field of use of human, surgical medicine, NIMA has an exclusive license in the field of use of human, nonsurgical medicine, and Aaron G. Filler, an individual, is the patent owner.

18. Aaron G. Filler, Jay S. Tsuruda, Todd L. Richards, and Franklyn A. Howe are listed as the inventors of the '360 Patent.

19. NeuroGrafix and NIMA have been investing in and practicing the technology disclosed in the '360 Patent since at least 2000, and ISBC has been investing in and practicing the technology disclosed in the '360 Patent since at least 2005.

20. In November 2008, NeuroGrafix contacted MRI manufacturers Hitachi Medical Systems America, Inc. and Hitachi Medical Corporation by email regarding the '360 Patent, as well as the Japanese counterpart to the '360 Patent (JP3457310). NeuroGrafix attached copies of the '360 Patent and the Japanese counterpart to the email. NeuroGrafix thereby provided notice that licenses under the '360 Patent were available for diffusion tensor imaging technologies, including such technologies implemented using Hitachi products.

## COUNT I
## PATENT INFRINGEMENT

21. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 20 above, inclusive, as if fully repeated and restated herein.

22. Defendants have directly (literally and under the doctrine of equivalents) infringed at least claim 36 of the '360 Patent by making, using, selling, offering to sell, or importing, without license or authority, products and services that include, without limitation, the performance of and provision of equipment and methods for DTI and diffusion anisotropy based tractography. Such products include the Hitachi Oasis and Hitachi Echelon, and related workstations and software, such as TensorSuite and Diffusion TensorSuite. Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(a).

23. To the extent facts learned in discovery show that Defendants' infringement of the '360 Patent has been willful, Plaintiffs reserve the right to request such finding at the time of trial.

24. As a result of Defendants' infringement of the '360 Patent, Plaintiffs have suffered monetary damages in an amount not yet determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter:

1. A judgment in favor of Plaintiffs that Defendants have infringed, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '360 Patent;

2. A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '360 Patent as provided under 35 U.S.C. § 284;

3. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees; and

4. Any and all other relief to which Plaintiffs may show themselves to be entitled.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury of all issues so triable.

                                                  Respectfully submitted,

Dated:  January 16, 2015

                                                  <u>s/Bridget E. Montgomery</u>
Bridget E. Montgomery (PA 56105)
Eckert Seamans Cherin & Mellott, LLC
213 Market St., 8th Floor
Harrisburg, PA 17101
Tel: 717-237-6054
Fax: 717-237-6019
Email: bmontgomery@eckertseamans.com

Marc A. Fenster
mfenster@raklaw.com
Amir Naini
anaini@raklaw.com
**Russ August & Kabat**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Tel. 310.826.7474
Fax 310.826.6991

**Attorneys for Plaintiffs,
NEUROGRAFIX, NEUROGRAPHY
INSTITUTE MEDICAL ASSOCIATES,
INC., AND IMAGE-BASED
SURGICENTER CORPORATION, AND
AARON G. FILLER**